IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AIDA R. CORONA VILLALOBOS SANDERS,   § | |
| Plaintiff,   § | |
| § | 3:05-CV-708-N |
| v.   § | |
| § | |
| DEPARTMENT OF EDUCATION, ET AL.,   § | |
| Defendants.   § | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**BACKGROUND**

Plaintiff filed this unspecified civil action. She is proceeding pro se and the Court has granted her leave to proceed *in forma pauperis*.

Plaintiff's complaint is mostly unintelligible. Her complaint is extensive and includes allegations that Defendants have attempted to "commit Sensor Neuro Energy Mass Matter Transmissions (SNEMMT) in our bodies, minds and souls." (Compl. p.5). She also argues the Aerospace Industry is "[t]rying to hide the BioChemical Warfare Against Humanity. Technology which is used to "Chucky," or Possess Innocent Children and Adults. Technology used to cause Molecular and Biochemistry disassembly of our natural genes." (*Id*. at p.24). She states there is a Satellite Space War Program that is being used to "Uplink and downlink negative signals to my Childs (sic) brain." (*Id*. at p.30). She states her daughter's life is

therefore in jeopardy. She seeks nine million dollars in damages.

**DISCUSSION**

The terms of 28 U.S.C. § 1915(e)(2)(B)(I) authorize a federal court to dismiss an action in which the Plaintiff is proceeding *in forma pauperis* before service if the court determines that the action is frivolous or malicious. Under this standard, a district court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those which clearly lack any basis in fact. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.C. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.C. 1827, 1831-32 (1989). A finding of factual frivolousness is appropriate when the claims describe "fantastic or delusional scenarios," or "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. at 32-33, 112 S.C. at 1733. Plaintiff's allegations come within this doctrine and, accordingly, should be dismissed with prejudice. *See Graves v. Hampton*, 1 F.3d 315, 318-19 (5th Cir. 1993).

**RECOMMENDATION**

The Court recommends the complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

Signed this 6th day of June, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE